UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARY HARRIS,<br><br>            Plaintiff,<br><br>      v.<br><br><br>CHRISTOPHER HOLMES, et al.,<br><br>            Defendants. | 1:14-cv-00460-NLH-JS<br><br>**OPINION** |

**APPEARANCES**:

GARY HARRIS
283029
SOUTH WOODS STATE PRISON
215 BURLINGTON ROAD SOUTH
BRIDGETON, NJ 08302
    Appearing *pro se*

GREGORY R. BUENO
NICOLE ELIZABETH ADAMS
SUZANNE MARIE DAVIES
OFFICE OF THE ATTORNEY GENERAL
STATE OF NEW JERSEY
25 MARKET STREET
P.O. BOX 112
TRENTON, NJ 08625
    On behalf of Defendants

**HILLMAN, District Judge**

   Plaintiff, Gary Harris, appearing *pro se*, is in the custody of the New Jersey Department of Corrections and currently incarcerated at South Woods State Prison. Plaintiff claims that Defendants have violated his rights under the First and

Fourteenth Amendment of the U.S. Constitution by not providing him with hot meals and adequate food, failing to accommodate sufficient prayer time and provide prayer oil, preventing him from wearing religious attire, and harassing and discriminating against Muslim inmates.[1]

Pending before the Court is Plaintiff's appeal of the Magistrate Judge's Order (Docket No. 42) denying Plaintiff's motion to "expand class," expand discovery time, and appoint pro bono counsel.[2]  The Magistrate Judge denied Plaintiff's request to expand the class because Plaintiff's case is not a class action.  (Docket No. 42 at 1.)  The Magistrate Judge also denied Plaintiff's request for pro bono counsel because Plaintiff's reason for counsel – that the complexity of legal issues is beyond the abilities of Plaintiff – did not meet the standard

---

[1] Because Plaintiff has brought claims pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights, this Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

[2] A United States magistrate judge may hear and determine any non-dispositive pretrial matter pending before the court pursuant to 28 U.S.C. § 636(b)(1)(A), and a district court judge will only reverse a magistrate judge's opinion on pretrial matters if it is "clearly erroneous or contrary to law," 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A).  A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law.  Gunter v. Ridgewood Energy Corp., 32 F. Supp. 2d 162, 164 (D.N.J. 1998).  The party filing the notice of appeal bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law.  Exxon Corp. v. Halcon Shipping Co., Ltd., 156 F.R.D. 589, 591 (D.N.J. 1994).

2

for the appointment of counsel.  (Id. at 2.)  The Magistrate Judge granted Plaintiff's request to extend the scheduling deadlines to complete discovery.  (Id.)

In Plaintiff's appeal of the Magistrate Judge's decision, Plaintiff states the he used the wrong terminology in his request to "expand the class."  Instead, what he was seeking was to add five additional plaintiffs to his case, and Plaintiff asks this Court to allow him to do so.

The Court cannot grant Plaintiff's request, which must be made by way of a motion under the relevant Federal Rules (see, e.g., Fed. R. Civ. P. 15, 19, 21).  Further, because Plaintiff has not articulated how the Magistrate Judge's decision on his request to "expand the class" as worded in his motion was in error, Plaintiff's appeal of the denial of that part of his motion must be denied.

Plaintiff also appeals the Magistrate Judge's denial of the appointment of pro bono counsel.  The Magistrate Judge found, "Having reviewed plaintiff's submissions in the case, the Court finds plaintiff is capable to representing himself."  (Id. at 2.)  The Magistrate Judge also noted that he was "at a disadvantage in ruling on plaintiff's motion because there is no supporting brief or coherent explanation for why the motion should be granted."  (Id. at 1.)

In his appeal, Plaintiff provides several pages of argument

3

as to why he should be appointed counsel. Because none of this argument was presented to the Magistrate Judge, however, this Court cannot find that the Magistrate Judge's decision was clearly erroneous. Plaintiff should present these arguments to the Magistrate Judge through a properly supported motion for the appointment of counsel.[3]

Accordingly, Plaintiff's appeal of the Magistrate Judge's July 6, 2016 Order must be denied. An appropriate Order will be entered.

Date: February 6, 2017         s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

---

[3] The Court may, pursuant to 28 U.S.C. § 1915, request an attorney to represent an indigent plaintiff in a civil action. The statute provides that "the court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The appointment of counsel is a privilege rather than the right of a litigant, and it lies within the sole discretion of the Court. Hennessey v. Atlantic County Dept. of Public Safety, 2008 WL 4691990, at *2 (D.N.J. 2008) (citations omitted). In deciding whether to appoint counsel, the court is first required to determine whether the plaintiff's claim has "some merit in fact and law." Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997). The Court may then consider the following factors to further determine if pro bono counsel should be requested: (1) the plaintiff's ability to present his own case, (2) the difficulty of the particular legal issue, (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation, (4) the plaintiff's capacity to retain counsel on his own behalf, (5) the extent to which a case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert witnesses. Tabron v. Grace, 6 F.3d 147, 158 (3d Cir. 1993).

4