**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GARY HARRIS,<br><br>      Plaintiff,<br><br>    v.<br><br>CHRISTOPHER HOLMES, et al.,<br><br>      Defendants. | 1:14-cv-00460-NLH-JS<br><br>**OPINION** |

**APPEARANCES:**

GARY HARRIS
283029
SOUTH WOODS STATE PRISON
215 BURLINGTON ROAD SOUTH
BRIDGETON, NJ 08302
    Appearing *pro se*

GREGORY R. BUENO
NICOLE ELIZABETH ADAMS
SUZANNE MARIE DAVIES
OFFICE OF THE ATTORNEY GENERAL
STATE OF NEW JERSEY
25 MARKET STREET
P.O. BOX 112
TRENTON, NJ 08625
    On behalf of Defendants

**HILLMAN, District Judge**

Plaintiff, Gary Harris, appearing *pro se*, is in the custody of the New Jersey Department of Corrections and currently incarcerated at South Woods State Prison ("SWSP"). Plaintiff claims that Defendants have violated his rights under the First

and Fourteenth Amendments of the U.S. Constitution by not providing him with hot meals and adequate food, failing to accommodate sufficient prayer time and provide prayer oil, preventing him from wearing religious attire, and harassing and discriminating against Muslim inmates.[1]

Pending before the Court is Plaintiff's motion for a temporary restraining order and preliminary injunction. Plaintiff asks that this Court enjoin the implementation of SWSP's new policy regarding the issuance of religious oils. In February 2016, Plaintiff sent SWSP administration a proposal on behalf of the Muslim community (self-named "MECCA," which stands for Muslims Engaged in Cognitive Community Awareness) requesting that MECCA be permitted to sell religious oils in order to purchase supplies for classes, prayer rugs, and food for religious holidays.

On December 22, 2016, SWSP sent the inmate community a memo concerning religious oils. The memo provided that effective January 1, 2017, inmates who had made a declaration of faith were authorized to purchase religious oils. The conditions for the purchase of religious oils included: (1) all religious oils

---

[1] Because Plaintiff has brought claims pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights, this Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

must be approved by the chaplain supervisor; (2) approved religious oils were to be purchased from the institutional commissary in 1/2 bottles for the price of $2.81; (3) only one bottle may be purchased at a time, and no more than two per month; and (4) prior to receiving a second bottle, the inmate must submit the empty bottle to the commissary staff to indicate that the previous bottle has been utilized. (Docket No. 52 at 15.)

Plaintiff argues that the religious oils policy should not be implemented because it would negatively affect Muslims at SWSP. Plaintiff contends that because all inmates of any declared faith may purchase the oils, it would preclude MECCA from obtaining revenue to fund its religious needs, particularly Halal food trays. Plaintiff is also concerned with sanitation of the oils and cross-contamination, as well as an over-burdening of the chaplaincy staff with an influx of religious oils requests. In short, Plaintiff argues that because SWSP did not adopt MECCA's proposal instead of its own policy, irreparable harm to the Muslim inmate population will occur in the form of reduced revenue, sanitation issues, and over-burdened staff.

Federal Civil Procedure Rule 65 governs a party's request for temporary restraints and preliminary injunctions. "To obtain a preliminary injunction the moving party must show as a

3

prerequisite: (1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured . . . if relief is not granted. . . . In addition, the district court, in considering whether to grant a preliminary injunction, should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest." Reilly v. City of Harrisburg, 858 F.3d 173, 176 (3d Cir. 2017) (internal alterations and citation omitted). "A movant for preliminary equitable relief must meet the threshold for the first two 'most critical' factors: it must demonstrate that it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not) and that it is more likely than not to suffer irreparable harm in the absence of preliminary relief." Id. at 179. "If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." Id. (further explaining, "How strong a claim on the merits is enough depends on the balance of the harms: the more net harm an injunction can prevent, the weaker the plaintiff's claim on the merits can be while still supporting some preliminary relief." (quotations and citation omitted)).

In the instance where a prison inmate seeks injunctive relief, the "relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Where an inmate seeks prospective relief, "The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief." Id. § 3626(a)(1).

Here, Plaintiff has not articulated how the implementation of SWSP's religious oils policy would violate his constitutional rights such that the Court could find that he is likely to prevail on his constitutional claims. In his complaint, Plaintiff asserts claims for violations of his First Amendment right to the free exercise of religion and his Fourteenth Amendment right to equal protection. The First Amendment prohibits the government from burdening the free exercise of religion, but the First Amendment is only implicated if the governmental burden on religion is "substantial," which essentially means that the state may not compel an individual to

5

act contrary to his religious beliefs.  Anspach v. City of Philadelphia, Dept. of Public Health, 503 F.3d 256, 272 (3d Cir. 2007) (citations omitted).  To state an equal protection claim, a plaintiff must allege that he was treated differently than other similarly situated inmates, and that this different treatment was the result of intentional discrimination based on his membership in a protected class, such as religious affiliation.  Mack v. Warden Loretto FCI, 839 F.3d 286, 305 (3d Cir. 2016) (citation omitted).

The SWSP policy permits inmates, including the Muslim population, to purchase and use religious oils.  This policy does not compel Plaintiff to act contrary to his religious beliefs, and it does not treat Plaintiff differently than inmates of other religions.  The fact that SWSP did not adopt MECCA's proposal that MECCA sell oils to earn revenue to purchase religious food and supplies for Muslim inmates does not evidence a violation of Plaintiff's or other Muslim inmates' rights to exercise their religion, and it does not show that they are treated less favorably.[2]  Moreover, Plaintiff's mere speculation that the policy will result in sanitation issues and will over-burden chaplaincy staff is insufficient to establish

---

[2] Indeed, it could be said that if SWSP adopted the MECCA proposal, that would create constitutional violations where one religion is placed in a superior position at the expense of other religions.

6

irreparable injury. See <u>Spacemax Intern. LLC v. Core Health & Fitness, LLC</u>, 2013 WL 5817168, at *2 (D.N.J. 2013) (citing <u>Grupo Mexicano De Desarrollo v. Alliance Bond Fund</u>, 527 U.S. 308, 327–30 (1999)) ("Mere speculation as to an injury that will result, in the absence of any facts supporting such a claim, is insufficient to demonstrate irreparable harm.").

Thus, because Plaintiff has failed to demonstrate the essential elements to warrant temporary restraints and preliminary injunctive relief against SWSP in its implementation of the religious oils policy, his motion must be denied. This result is further supported by the fact that it has been eight months since the SWSP policy went into effect, and Plaintiff has not provided any supplementary materials to the Court to show that his concerns have materialized. An appropriate Order will be entered.


Date: August 7, 2017                    s/ Noel L. Hillman
At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.