```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                              :
GARY HARRIS,                  :
                              :
        Plaintiff,            :   Civ. No. 14-460 (NLH)(JS)
                              :
    v.                        :   OPINION
                              :
CHRISTOPHER HOLMES, et al.,   :
                              :
        Defendants.           :
_____:
```

APPEARANCES:
Gary Harris, No. 283029
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302
    *Plaintiff pro se*

HILLMAN, District Judge

    Plaintiff, Gary Harris, appearing pro se, is in the custody of the New Jersey Department of Corrections ("NJDOC") and currently incarcerated at South Woods State Prison ("SWSP") in Bridgeton, New Jersey. Plaintiff claims that Defendants have violated his rights under the First and Fourteenth Amendments of the U.S. Constitution by not providing him with hot meals and adequate food during Ramadan, failing to accommodate sufficient prayer time and provide prayer oil, preventing him from wearing religious attire, and harassing him during 2012 and 2013.

    Presently before the Court is Plaintiff's request to reinstate Defendants Farsi, Lanoza, Bolden, and Easely, who were previously dismissed for lack of service and Plaintiff's

1

response to why Defendants Marcucci, Moyer, Ramano, Selby, and Yusef should not be dismissed for failure to prosecute. See ECF Nos. 101, 102. For the reasons that follow, the Court's prior order dismissing Defendants Farsi, Lanoza, Bolden, and Easely will stand and the Court will dismiss Defendants Marcucci, Moyer, Ramano, Selby, and Yusef for failure to prosecute.

I.  **Factual Background**

Plaintiff Gary Harris commenced this action by filing a Complaint in which he asserts claims pursuant to 42 U.S.C. § 1983 for (1) violation of the First Amendment's Free Exercise Clause; and (2) denial of Equal Protection in violation of the Fourteenth Amendment against Defendants Hicks, Holmes, Lanigan, Norris and Silva as well as Defendants Mark Farsi, Greg Lanoza, Mack Selby, Mark Romano, John Marcucci, Dr. Yusef, Reverend Moyer, Kevin Bolden, Easely, and John Does 1-10. ECF No. 1, ¶¶ 3-17, 33-36. On March 31, 2015, the Court screened the Complaint as required by 28 U.S.C. § 1915(e)(2)(B) and determined that the claims should proceed. ECF No. 6. The Court then ordered the Clerk of Court to file the Complaint and issue the summonses. ECF No. 6. Plaintiff filled out the United States Marshal ("USM") 285 forms and returned them for service on April 22, 2015. See ECF No. 8.

Defendants Holmes, Hicks, Lanigan, Norris, and Silva were served on August 24, 2015 (the "Appearing Defendants"). See ECF

No. 10.  Those defendants appeared in the litigation and were represented by attorneys from the Office of the Attorney General of New Jersey.  See, e.g., ECF Nos. 12, 20, 20-1.  After years of litigation, including motions practice, discovery, and settlement attempts, the Appearing Defendants moved for summary judgment, which was entered in their favor on all claims by opinion and order dated January 23, 2019.  See ECF Nos. 99, 100.

Defendants Marcucci, Moyer, Ramano, Selby, and Yusef (the "Served Defendants") were all served by the U.S. Marshals Service on September 28, 2015 at 11:00 a.m., with Linda Linen receiving the summonses on their behalf.  See ECF No. 19.  A review of the docket shows that these defendants have never appeared or participated in the action.  The Served Defendants are not and were not represented by the Office of the Attorney General of New Jersey.[1]  See ECF No. 20-1.  Plaintiff has never

---

[1] In Defendants Holmes, Hicks, Lanigan, Norris, and Silva's Motion to Extend Time to Answer, ECF No. 20, the Office of the Attorney General of New Jersey confirmed that it represents those Appearing Defendants. See ECF No. 20-1.  In it, counsel also notes that "service of process was effectuated via United States Marshal Service upon defendants John Marcucci, Moyer, Mark Ramano, Mack Selby, and Yusef.  The summonses were returned executed and entered on the docket on September 29, 2015.  While all these individuals appear to be employed by, or affiliated to some degree with, the New Jersey Department of Corrections, they have not submitted representation requests to this office." Id. at 4 (internal docket references omitted).  Plaintiff received a copy of this motion in which the Office of the Attorney General states that it does not represent Defendants Marcucci, Moyer, Ramano, Selby, and Yusef. See ECF No. 20-4 (certificate of service).

moved for entry of default against the Served Defendants even though their answers were due in October 2015.  Because of this failure to prosecute, the Court provided Plaintiff with notice of its intent to dismiss Defendants Selby, Romano, Marcucci, Yusef, and Moyer under Rule 41.  See ECF Nos. 99, 100.

The U.S. Marshals Service was unable to effect service on Defendants Farsi, Lanoza, Bolden, and Easely (the "Unserved Defendants") with the information provided by Plaintiff.  See ECF Nos. 11, 18.  For these defendants, Plaintiff provided as service addresses the addresses of South Woods State Prison in Bridgeton, New Jersey, and the New Jersey Department of Corrections in Trenton, New Jersey.  See id.  As to Defendant Farsi, the summons was returned unexecuted with a note on the USM 285 form that the defendant is "no longer employed at DOC." ECF No. 11 at 1.  As to Defendant Lanoza, the summons was returned unexecuted with a note on the USM 285 form that the defendant is "retired per DOC."  Id. at 4.  As to Defendant Bolden, the summons was returned unexecuted with a note on the USM 285 form that the defendant is "retired per DOC."  Id. at 7. As to Defendant Easely, the summons was returned unexecuted with a note on the USM 285 form that the defendant "no longer works at SWSP."  ECF No. 18 at 1.  After these summonses were returned unexecuted, a review of the docket shows that Plaintiff has never attempted to effectuate service on them, updated the USM

285 forms with correct addresses, or requested the Court's assistance in ensuring that they are served or ascertaining their addresses for service. In the opinion and order granting summary judgment in favor of the appearing defendants, the Court dismissed without prejudice Defendants Farsi, Lanoza, Bolden, and Easely because Plaintiff had failed to serve them as required. See ECF Nos. 99, 100.

## II. Discussion

### A. Failure to Prosecute Served Defendants

Defendants Selby, Romano, Marcucci, Yusef, and Moyer were served, see ECF No. 19 (summons returned executed), however they have never appeared or participated in this litigation. Despite being served in or around September 2015 with answers due in or around October 2015, Plaintiff has never moved for a default against them. In response to the Court's notice of its intent to dismiss these defendants for failure to prosecute, Plaintiff states that he believed that the Served Defendants were represented by the New Jersey Attorney General's Office like the Appearing Defendants. See ECF No. 101 at 3-4.

A plaintiff fails to prosecute his case when he does not seek a default against a non-responsive defendant. See Park v. Ingersoll-Rand Co., 380 F. App'x 190 (3d Cir. 2010) (affirming district court's sua sponte dismissal for failure to prosecute when plaintiff did not seek default against non-responsive

defendants). When a plaintiff fails to prosecute his or her case, the court may sua sponte dismiss the action pursuant to Federal Rule of Civil Procedure 41(b). See Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962); Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 341 (3d Cir. 1982) ("The rule does not explicitly provide for sua sponte dismissals by the court, but we believed that it is broad enough to authorize such dismissals on the same basis as it authorizes dismissals upon motion of the defendant."). The Supreme Court of the United States explained in Link that,

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law . . . . It has been expressly recognized in Federal Rule of Civil Procedure 41(b) . . . .

Link, 370 U.S. at 629-30. Prior to a dismissal with prejudice, however, the court must balance the factors identified in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), which include the extent of the party's personal responsibility, the prejudice to the adversary caused by the plaintiff's failure to prosecute, a history of dilatoriness, whether the conduct off the party was willful or in bad faith,

6

the effectiveness of sanctions other than dismissal, and the meritoriousness of the claim. Id. at 868.

An evaluation of the Poulis factors weighs in favor of dismissal. Here, Plaintiff is personally responsible for failing to move for default against the Served Defendants. Although he states that he believed that the Served Defendants were represented by the New Jersey Attorney General's Office, the record reflects that the Attorney General's Office explicitly stated that it was not representing the Served Defendants, see ECF No. 20-1 at 4, and Plaintiff received this notification according to the certificate of service for it, see ECF No. 20-4. At no point thereafter did the Attorney General's Office file a notice of appearance on behalf of any of the Served Defendants nor did they ever appear in the litigation. It was then Plaintiff's responsibility to move for a default against the Served Defendants.

As to dilatoriness on the part of Plaintiff, the Court finds that Plaintiff has generally not been dilatory except for the failure to prosecute these Served Defendants and to ensure service of the Unserved Defendants. This factor is neutral. Also neutral is whether Plaintiff's conduct was willful or in bad faith, as there are no indications of either.

The prejudice to the Served Parties and the meritoriousness of the claims both weigh in favor of dismissal. This case has

7

already progressed to judgment in favor of the Appearing Defendants. See ECF Nos. 99, 100. The Served Defendants have had no opportunity to participate in this litigation including either motions practice or discovery, and the deadlines for the conclusion of discovery and dispositive motions have already passed. See, e.g., ECF No. 86 (scheduling order). The Court also notes that it found no merit to Plaintiff's claims as asserted against the Appearing Defendants, see ECF Nos. 99, 100, and Plaintiff has not demonstrated how those same claims asserted against the Served Defendants would now have merit. Finally, the Court finds that any alternative sanction would not be effective given the stage of the litigation -- post-judgment -- and Plaintiff's in forma pauperis status. Therefore, pursuant to Federal Rule of Civil Procedure 41, the Court will dismiss with prejudice the Served Defendants.

**B. Dismissal of Unserved Defendants**

As the Court noted in its prior opinion, Plaintiff has failed to effect service on Defendants Farsi, Lanoza, Bolden, and Easley. See ECF Nos. 11 (unexecuted summonses), 18 (same), 99 (opinion). A plaintiff in a civil action in federal court must complete service of his complaint within 120 days of filing or within a period prescribed by the District Court. See Fed. R. Civ. P. 4(m); Mathies v. Silver, 450 F. App'x 219, 221 (3d Cir. 2011) (affirming district court's dismissal of action in

which plaintiff failed to effect service).  If the plaintiff fails to complete service within the specified time, Rule 4(m) requires the Court to determine whether the plaintiff has shown good cause for the failure.  See Mathies, 450 F. App'x at 221; Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997).

The Court found in its prior opinion that Plaintiff had not demonstrated good cause for the failure to serve these defendants because Plaintiff knew that these defendants were not served, see ECF Nos. 11, 18, failed to ask the Court for an extension of time in which to serve the defendants, and has failed to prosecute the claims alleged against these defendants. The Court dismissed the Unserved Defendants without prejudice and, in light of Plaintiff's pro se status, permitted Plaintiff an opportunity to present any good cause arguments for why these defendants have not been served.

Plaintiff has now filed a response and seeks to have Defendants Farsi, Lanoza, Bolden, and Easely reinstated.  See ECF No. 102.  In support of his request, Plaintiff states that he listed secondary addresses for service for the defendants, he was not aware of his responsibility to request help from the Court in locating Defendants, and he believed that these defendants were on notice of the claims against them.  ECF No. 102 at 5-6.

The Court finds that Plaintiff has not demonstrated good cause sufficient for the Court to set aside its prior dismissal of the Unserved Defendants. When a plaintiff is proceeding in forma pauperis, the "officers of the court shall issue and serve all process." 28 U.S.C. 1915(b). See Fed. R. Civ. P. 4(c)(3). Although a plaintiff proceeding in forma pauperis may rely on service by the United States Marshal, "he is not divested of all responsibilities related to this task." Lopez-Perez v. DeRose, No. 11-cv-48, 2012 WL 750963, at *5 (M.D. Pa. March 7, 2012). "When advised of a problem in accomplishing service, a pro se litigant proceeding in forma pauperis must 'attempt to remedy any apparent service defects of which [he] has knowledge.'" Id. (quoting Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). Dismissal under Federal Rule of Civil Procedure 4(m) may be appropriate when the failure to serve is due to plaintiff's neglect or fault, such as failing to provide sufficient information to identify or locate the defendant and the plaintiff fails to remedy the situation after being put on notice. Id.

Plaintiff's assertions in his response are belied by the record. Here, it is plain from the docket that Plaintiff knew that these defendants were not served because the summonses were returned unexecuted, ECF Nos. 11, 18, and these defendants have never appeared or participated in the litigation. Plaintiff has

never sought assistance from the Court to ensure that these defendants were served nor has he sought to prosecute his case against them.  It is immaterial whether Plaintiff thinks that the Unserved Defendants were on notice of his claims because he has made no effort to prosecute the case against them, and, in the alternative, the Court would dismiss these defendants for failure to prosecute for the reasons outlined supra as to the Served Defendants.  Although it is the United States Marshal that serves the summonses, it is still Plaintiff's duty to attempt to remedy any problems with service and to prosecute his case.  The Court's order dismissing the Unserved Defendants, ECF No. 100, stands.

**III. Conclusion**

The Court's order dismissing the action against Defendants Farsi, Lanoza, Bolden, and Easley stands as Plaintiff has failed to demonstrate good cause for his failure to serve or otherwise prosecute the case against them.  The Court will dismiss with prejudice Defendants Selby, Ramano, Marcucci, Yusef, and Moyer for failure to prosecute.  An appropriate order follows.


Dated: April 10, 2019            s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.